FILED
U.S. DISTRICT COURT E.D N.Y
★ APR 20 2012 ★
LONG ISLAND OFFICE

SUMMONS ISSUED
CV 12 1933
FEUERSTEIN, J
LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) |
| ELISABETH HIRKO, f/k/a ELISABETH CANTOR, MARTIN S. HIRKO, and WELLS FARGO BANK, N.A., | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT

The United States of America, by its attorney, Loretta E. Lynch, United States Attorney for the Eastern District of New York, pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action against the above defendants to enforce the federal tax lien which arose out of a federal tax assessment against Steven Cantor and which attaches to certain property hereinafter described. In support thereof, the United States alleges as follows:

### Jurisdiction

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Elisabeth Hirko is named as a party to this action because she may claim an interest in the property upon which the United States seeks to enforce a federal tax lien.

3. Martin S. Hirko is named as a party to this action because he may claim an interest in the

- 1 -

property upon which the United States seeks to enforce a federal tax lien.

4. Wells Fargo Bank, N.A. is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce a federal tax lien.

5. The property upon which the United States seeks to enforce a federal tax lien consists of real property located at 275 Timber Point Road in East Islip, Suffolk County, New York (hereinafter "subject property"), more fully described as:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Islip, County of Suffolk and State of New York, known and designated as Lot No. 215, as shown on a certain map entitled, "Map of County Village Estates, Section Two, situated at East Islip, Suffolk County, New York, January 1959, Robert J. Bartley Associates, Civil Engineering and Surveying, One Fifth Avenue, Bay Shore, NY" and filed in the Office of the Clerk of the County of Suffolk on March 30, 1959 as File No. 2930, Abs. No. 3187, said lot is more particularly bounded and described according to said map as follows:
>
> BEGINNING at a point on the northerly side of Timber Point Road distant 288.10 feet westerly from the extreme westerly end of an arc of a curve connecting the westerly side of Dorset Lane with the northerly side of Timber Point Road;
>
> RUNNING THENCE along the northerly side of Timber Point Road the following two courses and distances: 1) North 60 degrees 28 minutes 30 seconds West, 46.75 feet; 2) along the arc of a curve bearing to the right, having a radius of 5,754.65 feet a distance of 28.25 feet to the division line between lots 215 and 216;
>
> THENCE along said division line north 29 degrees 31 minutes 30 seconds east, 150.07 feet to the division line between lots 215 and 206 and 207;
>
> THENCE along said division line south 60 degrees 28 minutes 30 seconds east, 75.00 feet to the division line between lots 214 and 215;
>
> THENCE along said division line south 29 degrees 31 minutes 30 seconds west, 150.00 feet to the point or place of BEGINNING.

>BEING AND INTENDED TO BE the entire interest as conveyed to Steven Cantor and Elisabeth Cantor by deed dated September 19, 1985 and recorded with the Suffolk County Clerk on October 11, 1985 in Liber 9892, Page 165.

Enforce Federal Tax Lien

6. On February 6, 1995, pursuant to Section 6672 of the Internal Revenue Code, a delegate of the Secretary of the Treasury made a single assessment against Steven Cantor as a responsible person of Cantor Bros. Glass Corp. who willfully failed to collect, or truthfully account for and pay over income and Federal Insurance Contributions Act (FICA) taxes withheld from the wages of Cantor Bros. Glass Corp.'s employees which encompassed Mr. Cantor's liability for the tax periods of the corporation ending September 30, 1992; December 31, 1993; March 31, 1994; and June 30, 1994. This assessment is identified by the Internal Revenue Service by the last corporate tax period for which Steven Cantor is a responsible party, the period ended June 30, 1994. An assessment identified on the Internal Revenue Service records by the last day of the last corporate tax period for which the taxpayer is a responsible party is sufficient. Under Section 6672, a responsible person is liable to a penalty equal to the total amount of the unpaid withholding taxes for the time period for which he was responsible, rather than for distinct, separate amounts based on the corporate tax periods for which the corporation is required to file the returns. Because Section 6672 renders a responsible person liable for the total amount of unpaid withholding taxes, the Internal Revenue Service may make a lump sum assessment of Section 6672 liabilities. See Taylor v. Internal Revenue Service, 69 F.3d 411, 418-19 (10th Cir. 1995).

7. Notice of the assessment listed in paragraph 6 and demand for its payment was duly made upon Steven Cantor on February 6, 1995.

8. Despite the notice of assessment and demand for payment, Steven Cantor has failed, neglected or refused to fully pay the assessed liability listed in paragraph 6, and there remains due and owing $91,921.04, plus statutory additions and interest according to law from April 10, 2012.

9. On January 6, 2006, the United States timely filed a still-pending action seeking to reduce to judgment the unpaid tax assessment listed in paragraph 6, *United States v. Steven Cantor*, case number 2:06-cv-00076 in the United States District Court for the Eastern District of New York.

10. By deed dated March 31, 1993, Steven Cantor transferred his interest in the subject property to his then-wife Elisabeth Hirko, who was known at the time as Elisabeth Cantor.

11. In the March 24, 1999 divorce agreement between Elizabeth Hirko and Steven Cantor, included the following acknowledgment: "The parties acknowledge that there are certain judgments and tax liens (Federal and State) against Husband which are liens against the marital residence [the subject property]."

12. On September 17, 2003, Elisabeth Hirko brought an action to quiet title to the subject property, which the United States subsequently removed to the United States District Court for the Eastern District of New York, *Elisabeth Hirko v. New York State Department of Taxation and Finance, et al.*, case number 2:03-cv-04741-DRH-WDW.

13. On July 29, 2005, the United States filed a motion for summary judgment in *Hirko v.*

*New York State Department of Taxation and Finance, et al.* seeking "an order setting aside Steven Cantor's March 1993 transfer of his interest in the real property located at 275 Timber Point Road, East Islip, New York, to [Elisabeth Hirko] to the extent necessary to satisfy the tax liabilities assessed against Steven Cantor pursuant to 26 U.S.C. § 6672 on February 6, 1995, and September 18, 1995, and for an order declaring that the federal tax liens against Mr. Cantor with respect to the Section 6672 liabilities attach to the subject property, on the grounds that the transfer of Mr. Cantor's interest in the subject property was fraudulent [as] to the United States under Sections 273 and 276 of the New York Debtor and Creditor Law."

14. On March 16, 2006, the Court granted the United States' motion for summary judgment in *Hirko v. New York State Department of Taxation and Finance, et al.*

15. The Court in *Hirko v. New York State Department of Taxation and Finance, et al.* held that Steven Cantor's March 31, 1993 transfer of the subject property to Elisabeth Hirko was fraudulent as to the United States and should be set aside to the extent necessary to satisfy the United States' claims, including the unpaid tax liability listed in paragraph 6.

16. Pursuant to 26 U.S.C. §§ 6321 and 6322, on February 6, 1995, the date of the assessment set forth in paragraph 6, a federal tax lien arose in favor of the United States upon all property and rights to property belonging to Steven Cantor.

17. As the fraudulent transfer of the subject property has been set aside, the federal tax lien against Steven Cantor which arose on February 6, 1995, attaches to Mr. Cantor's interest the subject property. See Snyder v. United States, 1995 WL 724529, *12 (EDNY 1995); see also United States v. McCombs, 30 F.3d 310, 322 (2d Cir.1994) (finding absent a set

aside of the pre-assessment conveyance under state law, the taxpayer did not have a legal interest in the property at the time the tax lien attached).

**WHEREFORE**, the United States requests that this Court:

(1)  Order that the federal tax lien upon the subject property be enforced and that said property be sold in a judicial sale, according to law, free and clear of any right, title, lien, claim or interest of any of the defendants herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of the unpaid tax liability of Steven Cantor listed in paragraph 6, and to such parties in such amounts as this Court determines; and

(2)  Award the United States its costs and such further relief as the Court deems just and proper.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

KATHRYN M. KENEALLY
Assistant Attorney General

*Karen Wozniak*
KAREN WOZNIAK (KW7139)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1927
Facsimile: (202) 514-5238
karen.e.wozniak@usdoj.gov